# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BYRON D. WALLER,

      Plaintiff,

v.           Case No. 3:19-cv-751-J-32JBT

CORRECTIONAL OFFICER "JOHN DOE," et al.,

      Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a Civil Rights Complaint (Doc. 3) pursuant to 42 U.S.C. § 1983. He asserts claims regarding various allegations of physical and psychological abuse, retaliation, deliberate indifference, refusal of medical care, extortion, intimidation, and property restriction. He also asserts that he attempted suicide as a result of the psychological trauma. As defendants, Plaintiff names twenty-two employees at Hamilton Correctional Institution.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of filings previously brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:97-6012-CV-SJ-9-P (W.D. MO.) (failure to state a claim); (2) 06-14155-CIV-GRAHAM (S.D. Fla.) (failure to state a claim); and (3) 4:12CV00716 ERW (E.D. MO.) (frivolous and failure to state a claim). Because Plaintiff has had three or more prior qualifying dismissals, he may not litigate this action in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

The Court finds that Plaintiff's allegations do not warrant the imminent danger exception to dismissal. Plaintiff explains that all the events relevant to his Complaint occurred during his incarceration at Hamilton Correctional Institution. Doc. 3 at 2. At the time Plaintiff filed his Complaint, however, he was no longer confined at Hamilton Correctional Institution, having been transferred to Madison Correctional Institution

"[f]or [Plaintiff's] safety from prison staff at Hamilton Correctional Institution . . . ."[1] Id. Plaintiff's transfer out of Hamilton Correctional Institution nullifies any allegation of an imminent threat. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding allegations of past imminent danger are not sufficient to invoke the imminent danger exception). As such, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $400.00 filing fee.

Therefore, it is

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of July, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c:
Byron D. Waller, #K06593

---

[1] Plaintiff states that on April 10, 2019, he was transferred to Madison Correctional Institution. Doc. 3 at 2. Thereafter, on June 28, 2019, Plaintiff filed his Complaint. Id. at 1. Plaintiff remains confined at Madison Correctional Institution. See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited July 17, 2019).